DRUEN v. HUDSON.—68 S. W. (2d) 146.

Middle Section.   December 2, 1933.

Petition for Certiorari denied by Supreme Court, February 24, 1934.

W. O. Hake and Frank Frazier, both of Dickson, for plaintiff in error.

Howard E. Brown, of Dickson, for defendant in error.

FAW, P. J. ▇ This is a will contest. Certain paper writings were offered for probate in the county court of Dickson county, by Mrs. Lucille Druen, as the last will and testament of Lee L. Pittman, deceased, and thereupon Mrs. Ellen Hudson and three others, as sisters and heirs at law of said decedent, appeared and contested the validity of said alleged will. The county court ordered that the fact of contest be certified to the circuit court of Dickson county, and that the original paper writings aforesaid be sent to the circuit court. This was sufficient to vest the circuit court with jurisdiction to try the issue of devisavit vel non. Pritchard on Wills, secs. 43 and 313; Murrell v. Rich, 131 Tenn., 378, 398, 175 S. W., 420.

In the circuit court issues were made up by declaration and plea, and, upon a trial of the issue of devisavit vel non by the court without a jury (the parties expressly waiving a jury trial), the court found and adjudged that the paper writings thus propounded for probate constituted the last will and testament of said Lee Pittman, deceased, and ordered same certified to the county court of Dickson county for record as such, in the manner provided by law.

▇ The four contestants, after a motion for a new trial in their behalf had been overruled by the trial court, prayed an appeal to this court, which was granted by the trial court. One of the contestants, Mrs. Ellen Hudson, perfected her appeal by filing the oath prescribed for poor persons, in accordance with the final judgment of the court. Neither of the other contestants perfected an appeal.

An appeal perfected by one of the contestants was sufficient to give this court jurisdiction of a case of this character as fully as if all of the contestants had perfected the appeal granted. Patton v. Allison, 7 Humph., 320, 329; Lillard v. Tolliver, 154 Tenn., 304, 312, 285 S. W., 576.

We will refer to Mrs. Lucille Druen as the proponent and to Mrs. Ellen Hudson as the contestant.

In this court, the contestant has assigned as error that: (1) The court erred in holding that sufficient publication of said letters were made to entitle them to probate; and (2) the court erred in holding that the alleged letters constituted the last will and testament of the deceased, Lee L. Pittman.

■ ■ 1. The fundamental proposition advanced by counsel for support of the first of the two assignments of error, supra, is stated in the brief as follows:

"It is our insistence that if these letters are a will of any kind they are a holographic will. It is true that the only property left by the deceased, Lee L. Pittman, was personal property, and the statute does not refer specifically to personal property, but only to real estate. However, it is our insistence that, by implication, the statute on holographic wills also covers personal property as well as real estate."

Although the proposition just stated is elaborated at length in the brief and argument of counsel for the contestant, it is the predicate of the argument, and if this proposition is not sound, the first assignment of error is not well made.

The statute to which counsel refer in the above-quoted excerpt from their brief is section 2163 of the Code of 1858 (Shannon's Ann. Code, sec. 3896), which provides that: "A paper writing, appearing to be the will of a deceased person, written by him, having his name subscribed to it, or inserted in some part of it, and found, after his death, among his valuable papers, or lodged in the hands of another for safekeeping, shall be good and sufficient to give and convey lands, if the handwriting is generally known by his acquaintances, and it is proved by at least three credible witnesses that they verily believe the writing, and every part of it, to be in his hand."

It has, in effect, been held by this court in at least two cases (Taylor v. Taylor, 14 Tenn. App., 101, 107; Howell v. Moore, 14 Tenn. App., 594, 620), that the above-quoted Code section has no application to wills of personalty. In each of those cases we said: "In Tennessee there is no statute on the subject of wills of personalty, hence the common law is applicable to them, and it follows that a will inoperative to convey real estate for the want of the requisite formalities may be good to bequeath personal property." And in support of the ruling thus made we cited McLean v. McLean, 6 Humph., 452, 453, 454;

Reagan v. Stanley, 11 Lea, 316, 325; Orgain v. Irvine, 100 Tenn., 193, 199, 43 S. W., 768; Davis v. Davis, 6 Lea, 543; Guthrie v. Owen, 2 Humph., 202, 217, 36 Am. Dec., 311.

In the instant case, it was stipulated of record below that the domicile of the deceased, Lee L. Pittman, was in Dickson county (obviously meaning Dickson county, Tenn.), at the time of his death, and it was proved by the undisputed testimony of two witnesses that the paper writings propounded for probate were in the handwriting of the alleged testator Lee L. Pittman.

There are no *subscribing* witnesses to the paper writings in question, and there is no evidence that the writer ever acknowledged these writings as his will, or at any time stated that he had made a will; but, assuming that the writings appear to be a testamentary disposition of personal property of said Lee L. Pittman, we are of the opinion that the proof is sufficient to entitle them to probate as his last will and testament. Franklin v. Franklin, 90 Tenn., 44, 46, 16 S. W., 557.

The first assignment of error is overruled.

2. It is argued, for support of the second assignment of error, that the writings propounded for probate do not appear to be a will; that they are not testamentary in character.

These paper writings consist of certain letters written and signed by said Lee L. Pittman, as follows:

"Denver, Colo., 12/15-1921

"Bureau of War Risk Insurance,
 "Insurance Division
 "Washington, D. C.

"Re. T 1364517
"Lee L. Pittman

and $10,000 War Risk is made to my mother but after mother Death I change War Risk Insurance to the one lives and help mother.

"Lee L. Pittman"
"Denver, Colo., 12/15-1921

"Dearest Mother

"I enclosing two copyes of Papers one is to be mailed into Washington in case I died One Papers 11/26/21 Change War Risk Insurance to you In case you Die Paper to be mailed into Washington 12/15-1921 Change War Risk Insurance to the one help you after I Die.

"Lee L. Pittman.

"I should have went before a Notary Public with this Paper this Paper will be good at anytime Do you understand me mother this letter is to Keep others of my War Risk Insurance Don't forget this

but if I get worried I will call on you to send me this Papers Back to me Put this letter with the O R C Policy and Keep it

"Lee L. Pittman

"1522 Court Pl"

"Denver, 1/20-22.

"Dear Mother

"Don't forget that I lived at Monett Mo. From Feb 1914 to Feb. 1918—Note #5 on this Card—

"You have all so got a copy of my Discharge in case you need it. There going to be another Bonus Pass on at Washington. If I am not here to get it—why you get all you are entitled to—see—and keep that Copy of Discharge because you may need it some day

—c—

"Lee

over

"And then you see if I wust to Die why you would get my O R C $2000 and $10,000 War Risk in case you Died will War Risk Insurance to the one lives with you and help you—see

"Lee."

Several testamentary papers may together constitute the last will of the testator, and should all receive probate together, as constituting one will. Woerner on Administration (3 Ed.), sec. 222, p. 749, and sec. 227, p. 769; Howell v. Moore, supra, 14 Tenn. App., page 624.

We are of the opinion that the writings propounded in the instant case sufficiently disclose the animus testandi—the intention of the writer that the writings should control and direct the disposition of his "War Risk Insurance" after his death. Reagan v. Stanley, supra, 11 Lea, 322; Crutcher v. Crutcher, 11 Humph., 377, 385.

It is sufficient if the words of the writings propounded for probate "unequivocally show that the writer intended it as a posthumous disposition of his estate, both real and personal, or that he intended by it to dispose of his personalty alone." McCutchen v. Ochmig, 1 Baxt., 390, 397.

The second assignment of error is overruled.

It results that the judgment of the circuit court is affirmed, and judgment will be entered here accordingly. The cause will be remanded to the circuit court of Dickson county, with directions to that court to transmit the original paper writings in question to the county court of Dickson county to be there recorded as the last will and testament of Lee L. Pittman, deceased, in the manner provided by law.

The costs of the cause, including the costs of the appeal, will be adjudged against the contestant, Mrs. Ellen Hudson.

Crownover and DeWitt, JJ., concur.